Good morning, Your Honor. Anthony Bornstein on behalf of the Petitioner Vidal Carrillo-Carrillo. Your Honor, this habeas corpus case presents an issue of exhaustion. I'd like to emphasize in my argument this morning that there was what I would characterize as a rough but essential equivalence in the Sixth Amendment claim as it was presented first to the state post-conviction court, then in a pro se posture to the Oregon Court of Appeals, and ultimately to the Oregon Supreme Court. Where I think, Judge, the district court's decision on exhaustion went awry was that it jumped from what I would concede was a very bare bones post-conviction petition that didn't really amplify on the claim right to the PCR court's decision or kind of just summed up that there was no good choices. It would be helpful, at least to me, there are two claims, one and two, where I understand your argument. Claim three, it seems a weaker claim, so when you talk about claims, could you just distinguish which claims you're talking about? Well, you know, they're broken up into Roman numeral, or Arabic numeral one, two, and three in the federal petition, but really it's an umbrella claim that he was, he received an effective assistance of counsel through this pressuring to plead guilty without doing the legwork, the important preparation that was necessary to defend him, and that instead he pressured him into taking this plea agreement. So it is broken down separately in the federal petition, but I think it really is kind of this one, you know, coercion claim. It is effectively coerced by counsel, leaving him with no good options. What does the lack of investigation have to do with the coercion? Well, I mean, if you look at his statements, first at the criminal proceedings where they're showing up for trial, and then it morphs into a change of plea hearing. He's very much interested in going to trial, and he's being told that he needs to, you know, it's in his best interest to plead guilty, and there's this big colloquy with the defense lawyer explaining to him this is. So in other words, one piece of the coercion is that they weren't ready for trial? That they weren't. That he hadn't really done the investigation to have an adequate trial. That's what he's saying. He doesn't have an attorney who would defend him, who doesn't want to take the case to trial. That he doesn't have, he doesn't do what he needs to do. That he wanted more done. That's what he's essentially trying to get at. So one piece of the coercion was that the other side of pleading was an adequate trial. I mean, that's not silly, but that's what I'm trying to understand. Yeah, I would call it effective coercion. And I've cited cases, both federal and state, where defendants are left with no good choice for very similar reasons. They just, the lawyer is, like, told he needs to represent someone with no adequate time to prepare. There was the Pazden case that I cited in the brief, where the petitioner ended up, defendant in that case actually ended up going to trial pro se, because he felt he knew it better than the lawyer who was not really up to speed as much as he was, given that the judge had recently appointed the lawyer. I mean, how does that come into the case? There's sort of all the piece theory. This is how it comes in, that if the, my understanding is that he attached, in the post-conviction, state post-conviction proceedings, he attached earlier documents and that that should be adequate under Oregon law. So claims one and two, at least, were adequately exhausted. Your notion is that for federal purposes, that encompasses an investigation inquiry as well. So we should separately ask whether the state courts decided that claim three and the merits, is that what we're talking about? I mean, I think there is, and I'm going to admit that at times the presentation is a bit, to be charitable, disjointed, but, and the focus, foci changes at, you know, various points in the proceedings. But there is a congruence and an essential consistency that, you know, I'm just, you know, left out to dry. I mean, I'm just, you know, I've got no good options. I'm trying to understand how that feeds into the question  Well, I mean, Judge Simon's ruling was that it was just so different at the appellate stage that he just added all these new allegations that the state appellate court didn't have the same case of claim before it, and that's why there was no exhaustion. So that's the kind of reasoning that I'm critiquing. I think what the judge in the district court did was skip over the other assertions. In terms of the presumption that they decided the merits unless they tell us otherwise, is that how it feeds in? I'm going to suggest that the presumption issue is really secondary, that it's more of a straightforward exhaustion issue. As long as there was this essential consistency or congruence from the PCR proceedings, which doesn't entail, is not limited to just that petition, but includes what was testified to by the petitioner when he's called as a witness in support of his petition, what's argued by the parties in their written and oral presentations, that these kind of broader, more varied assertions or pieces of ineffectiveness are aired. And so, again, while the foci may change from spot to spot, that is aired at the post-conviction proceeding. There's multiple references to the criminal trial transcript and criminal proceedings where Mr. Quilicoto is saying, I wanted to go to trial. He's saying, I disagree with what's in the petition, which is a petition to enter a no-contest plea. I mean, you can't get and it's hard to get any more specific than that, that he disagrees with pleading no-contest. Just so I understand that, if you're saying that the district court essentially lumped them all together and said they weren't exhausted as a group and you don't want us to break them apart and say, well, one and two were exhausted because they're specifically referenced in the Balfour brief. There's the elements to support those and we shouldn't have any trouble throwing in claim three as a failure to investigate claim because it's part of the same group that the district court said was not exhausted. The district court saw it as the PCR proceeding in the circuit court, the lower court where the evidence was presented, was just something like Basic pressured into being overbearing his will. He just pressured him into pleading guilty. And I think the district court just saw it as that kind of discrete claim, that it's ineffectiveness by too much pressure making the decision involuntary. But I think that it's broader than that if you look at the entire factual record, all of the testimony that Mr. Curillo-Curillo presents in support of his petition and the references to what's being said at the criminal trial proceedings. Then, again, as a pro se petitioner, he's giving some more specifics, some of which I can see didn't appear below. But he's talking about being manipulated into pleading guilty as a result of these various actions. For the Oregon courts to reach the merits where there are enough facts in the record where they should have been alerted to what you're now saying, how would they have gone to the record and the merits of whether there was failure to investigate and prepare? Well, I think it's the way that the questions are asked to Mr. Curillo-Curillo by his post-conviction counsel where he's saying, you know, what did you, and paraphrasing him, what did you want to happen? He essentially says, I wanted to go to trial so I could prove that I was not guilty. That's what I wanted. How does that raise the failure to investigate? I think he's saying, well, again, it's incorporating some of the things that he was saying at the criminal trial proceedings where I want a lawyer who's going to defend me and present, I can't remember the exact wording, but present evidence or some words to that effect to defend me. And so, yes, there was some lack of specificity, but that failure of preparation is very much part of his proceedings. I'd like to save, if I could, the last 30 seconds for a rebuttal. Thank you very much. Go ahead. It pleases the Court. This Court should affirm the denial of Petitioner's federal habeas petition, and before I discuss the procedural default issues, I do want to devote a couple sentences to noting a simpler way to resolve this appeal, which is by recognizing that even if Petitioner had fairly presented his claims to the State courts, and even if he, if the State courts had addressed the merits, there still would be no basis for federal habeas relief here. And I say that because Petitioner simply failed to present sufficient evidence, as a matter of law, failed to present sufficient evidence to establish that any federal judicial The federal district court didn't decide that, and it isn't what the Certificate of Appealability is about, and it's not the issue before us. Is that fair? It may not have been addressed in the Certificate of Appealability, but nonetheless, I think it does reflect an alternative basis to affirm that it would be available to this Court, in the sense that the record looked at as a whole shows that, as a matter of law, there's no basis for it. There's no briefing on it. Pardon me? We have no briefing on it either. Well, there was briefing in the district court level, as well as in the We don't have any briefing. Well, there's briefing in the State's brief in this Court, making the same argument and pointing out Petitioner's failure to present, as a matter of law, sufficient evidence to support his claims. But in any event, the district court did correctly conclude that Petitioner failed to fairly present his claims to Oregon State courts. I'd like to start with Claim 3, and because the procedural default analysis Well, let's start with, first of all, we can talk about them as they're all separate, but you understand that the arguments are really not all separate. But as to what in general, what about the Farmer v. Baldwin case? Doesn't that squarely hold that this kind of presentation is sufficient? You're talking about the, Farmer does suggest that there are circumstances in which a Petitioner can refer What was this circumstance? It's almost exactly the same. Farmer's a little different, though, because in Farmer, the Petitioner in his Court of Appeals brief in the Oregon Court of Appeals did nothing but present his petition for post-conviction. So it was less, so what? In this case, the Petitioner He did present the petition, and he referred to it, and that seems to be enough under Oregon law. That's what the Oregon Supreme Court told us when we asked. Except Farmer didn't address the particular circumstances presented here, where we have a brief that is significantly different from the brief presented to the Oregon Court of Appeals in Farmer. But that also attaches to the other brief, the first one. But in this case, Petitioner did present a brief to the Oregon Court of Appeals that had an Assignments of Error section, in which what he identified was eight Assignments of Error that corresponded only to what is now Claim 3 in his federal habeas petition. And the Assignments of Error are significant because, under Oregon law, it's the Assignments of Error that identify for an appellate court what rulings the appellate is challenging. And so in this case, Petitioner did make an effort to identify particular Assignments of Error. Those Assignments of Error reflected only Claim 3 in his federal petition. They did not make any reference to the claims that now appear in Claims 1 and 2 in the federal petition. And so in this case, the Oregon Court of Appeals rightfully could look at that brief as only asking it to review the allegations that now appear in Claim 3. And that's different from the type of brief that was presented in Farmer, where the Petitioner did nothing but present his petition for post-conviction relief. And as a result, Farmer is not quite on point in terms of its holding, and it doesn't necessarily govern the circumstances here. And here, Claim 3 is a claim that was never alleged in the post-conviction petition to start with, and it was not otherwise presented to the post-conviction trial court. And Claim 3 being the claim that counsel failed to do. But basically, Claim 3 is a whole bunch of reasons why the case wasn't ready to go to trial, right? That's correct. And his overall claim is that he was pressured. And this is just part of the pressure. I don't understand why it's separable enough that we should be worrying about it. Claim 3 is quite distinct. I understand you have a problem about sufficiency. And obviously, it may be that he has an alleged facts that go to any of these things and it falls out. But as to being a separate claim, I mean, why is it a separate claim? It's quite distinct in kind and quality from Claims 1 and 2. Claim 1 was a claim that counsel unduly pressured Petitioner into accepting the no-contest plea. And in the post-conviction trial court, Petitioner's testimony to attempt to support that claim was that his attorney told him that if he rejected the state's plea offer, the state would file a new indictment and the sentencing consequences could be even more severe. That testimony and the allegations in the post-conviction petition did not suggest that counsel had failed to adequately prepare for a trial in the event that there was a trial. And so the type of evidence that would support Claim 1 is very different from the type of evidence that would support Claim 3. Claim 3 really would require a court to assess what kinds of investigative efforts the trial attorney made prior to the plea hearing. In contrast, Claim 1 required assessment of what kind of information counsel had given to Petitioner at the plea hearing itself in terms of what the consequences would be if he rejected the state's plea offer. And similarly, Claim 2 is also quite distinct from Claim 3. Claim 2 is that Petitioner's plea was not made knowingly, voluntarily, and intelligently. Petitioner's post-conviction trial court testimony emphasized what the trial court did and suggested that it was the trial court's information the trial court gave to Petitioner at the plea hearing and rulings that the trial court had made pretrial that supplied the basis for Claim 2. And that, again, is very different from the nature of the allegations made in Claim 3, which focus on what trial counsel did in terms of investigation or trial preparation before trial. So the claims really are distinct. But he actually explains very briefly in his argument to the Court of Appeals how this all comes together. He says he sets forth his claims contained in the petition for post-conviction relief and his memorandum of law that is submitted on the basis of the record, which, of course, is inconsistent with what you said before. He specifically references that petition as part of his argument for the Court of Appeals. Then he says that he would change his counsel but immediately expressed his inability to investigate the case and could only discuss plea bargains. He wouldn't discuss the case in a manner to prepare the defense. He notified the trial court of the attorney's incompetency. They denied his request. He came up with a plea offer. He tried hard to press him that he was actually innocent and he wouldn't go at any limits to investigate my case. So it's all of a piece, basically. He pressured me, in part, by not preparing the case so I didn't have any case to put on. And that was part of why it was all an attempt to pressure me to plea. Yes? You're quoting from the discussion section of the brief in the Court of Appeals. And the State's only point is that the discussion section has to be read in conjunction with the assignments of error and under Oregon law it's the assignments of error that govern what particular basis an appellant is identifying for the Court of Appeals as a basis for reversal. And so our point is that when Petitioner later in his discussion section refers to any information that counsel gave him about the consequences of rejecting the State's plea offer. I think there is some basis for thinking that the Oregon courts would treat differently from Farmer. Is this correct? Because the sentence appears under discussion. Appellant sets forth his claims contained in the petition for post-conviction relief. Well, that is a distinction that is significant. And the Farmer Court didn't address a brief that looks quite like this. And the Farmer Court also noted that because it's an appellant's obligation to identify errors for reversal, that it's going to be the rarest circumstance in which an Oregon court would simply look at a reference to a petition for post-conviction relief that's made on appeals. As you claim three, if you look at it separately, what about the Smith case? You're talking about claim three? Yes. Well, the Smith case doesn't really dictate the results here with respect to claim three. And the reason is that Petitioner's failure with respect to claim three really is a true failure to fairly present claim three to the Oregon courts in the sense that he didn't give them a meaningful opportunity to consider claim three because that claim never did appear in his post-conviction petition. And as a result, under State law, if a claim is not in a post-conviction petition, both the post-conviction trial court and Oregon appellate courts are without any authority to grant any relief on that claim. That's what the Hayward v. Malek case I've cited in page 10 of my brief says. I don't understand. I've never understood. What is the difference between the failure to fairly present and a procedural default if you don't follow the rules? I mean, basically you're saying it was a failure to fairly present because you didn't follow some procedural rule. But in this case, a very particular type of failure in the sense that under Oregon law, if you don't include a claim in your petition, courts are without authority to reach that claim at all. That's a little different from the type of situation this Court discussed in Smith when it addressed Oregon Court of Appeals' ultimate resolution of an unpreserved issue. And in Smith, the Oregon Court of Appeals essentially had discretion to either review an unpreserved claim or to discretionary review it. Because the whole issue was whether it was a preserved issue. I mean, that's why the question arises at all as to whether or not it was decided on a procedural or substantive grant. Well, it was undisputed in Smith that the petitioner had not preserved the claim in the trial court. Right. The petitioner then made a plain error asking for a discretionary plain error review in the Oregon Court of Appeals. And then the question became how to read the Court of Appeals' decision. Should it be read as a decision on the merits of the unpreserved claim or should it be read as rejecting the claim because it wasn't preserved and the Court wasn't exercising discretion to review an unpreserved error? But in Smith, the key – one of the key facts is that the Court of Appeals had discretion to do one of those two things. It had discretion to reject the claim on procedural grounds or it had discretion to review the merits.  And the post-conviction trial court had no authority to entertain the claim on the merits at all because under Oregon law, the failure to include a claim in the post-conviction petition means the post-conviction trial court and appellate courts cannot address the merits of such a claim. I'm really confused, but you're out of time, so thank you very much. Thank you. Again, Your Honor, I do feel it just comes down to an issue of fair presentation. I would just adopt and endorse your statement about it being all of a piece, which is our position, and I think that that's really how to look at the tiers in the record in this case. I think that secondarily, the Harris-Smith presumption would apply in that there was this essential congruence which gave the court the context in which it could have presumed to have addressed the merits. I disagree with the wording of the Certificate of Appealability that says regardless of context, I do think – and I think Smith stands for the proposition that the context is important, but the context here can yield a presumption that the court addressed the Sixth Amendment claim. Okay. Thank you very much. Thank you for your arguments. The case of Carrillo v. Corsi is submitted, and we'll go on to Oregon National Desert Association v. Jewell and others.
judges: Fisher, Berzon, Watford